UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS, | 2:25-cv-1069-CKD P |
| Plaintiff, | |
| v. | ORDER |
| LUGO, et al., | |
| Defendants. | |

Plaintiff Timothy Wilkins, a state prisoner, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. <u>See</u> 28 U.S.C. § 636(b)(1). The complaint fails to state a claim and must be dismissed, but plaintiff is granted leave to file an amended complaint as set forth below.

**I.    In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

1

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Allegations in the Complaint

On March 6, 2025, inmate Wade approached plaintiff in a fighting stance and said guards had said plaintiff was dropping "kites" ("snitching") on him. (ECF No. 1 at 3.) Plaintiff and Wade came "danger-close" to a physical altercation and parted ways. (Id.) Plaintiff was told that C/O Lugo told inmate Wade that plaintiff was dropping kites on him. (Id.) By telling other inmates that plaintiff was a snitch, C/O Lugo placed plaintiff in immediate danger of being attacked by other inmates. (Id. at 5.) Plaintiff seeks damages. (Id. at 6.)

## IV.     Discussion

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To state a

2

failure to protect claim, plaintiff must show he is incarcerated "under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 833. Plaintiff must also show the prison official subjectively had a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then, the official must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.

Here, plaintiff's request for relief is for damages, which cannot be awarded for mental or emotional injury without a showing of physical injury. See 42 U.S.C.A. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).") Plaintiff was not physically injured because of defendant's alleged conduct. Plaintiff cannot obtain damages for any mental or emotional injury without a showing of physical injury.

"While a prisoner need not wait to be injured before seeking injunctive relief, see Farmer, 511 U.S. at 845 [ ], a prisoner seeking damages must allege that the risk materialized and caused him physical injury." Rodrigues v. Norwood, 2010 WL 2740174, at *3 (C.D. Cal. July 9, 2010); see also Babcock v. White, 102 F.3d 267, 272 (7th Cir.1996) ("it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment"). Accordingly, plaintiff does not state a claim for relief. See Thompson v. Addison, No. 1:22-CV-01545-HBK (PC), 2024 WL 1053475, at *8 (E.D. Cal. Mar. 11, 2024) (finding no Eighth Amendment claim for damages stated because plaintiff alleged no physical injury alleged from defendant's alleged failure to protect or deliberate indifference).

V.    **Leave to Amend**

Plaintiff is granted leave to amend. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment."). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, if plaintiff does not wish to pursue this case further or cannot fix the problem identified in this order, then plaintiff may file a notice of voluntary dismissal.

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your complaint is being dismissed because you cannot bring a claim for damages against C/O Lugo for failure to protect in the absence of a physical injury. You have an opportunity to file an amended complaint.

### VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint with the docket number assigned this case and labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 19, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, wilk1069.scrn

4